# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JAMES DONALD LINKOUS,
    Plaintiff,

    vs.

HAMILTON COUNTY JOB
AND FAMILY SERVICES,
    Defendants.

Case No. 1:15-cv-809

Barrett, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff, a resident of Addyston, Ohio, brings this civil action against the Hamilton

County Department of Job and Family Services. (*See* Doc. 1, Complaint). By separate Order,

plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is before the Court for a *sua sponte* review of the complaint to determine whether

the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails

to state a claim upon which relief may be granted or seeks monetary relief from a defendant

who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. §

1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton*

*v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).

To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in*

*forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see*

*also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the

plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v.*

*Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under § § 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S.

at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at

555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual

enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . .

claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's pro se complaint alleges the following:

> Job & Family Services quit paying for Part B Medicare. The excuse was; I
> supposedly received $11,000 in June 2014 from Apex Clearing House. My
> income tax for 2014 shows a capital appreciation for a closed stock broker
> account (a loss). The reviewing social worker requested me to obtain a letter
> from Apex. No can do. This is a one way street from broker. To go the other
> way is a fraud on the banking institution. Without Part B I will not have
> ambulance costs covered.

(Doc. 1, Complaint, PAGEID#: 6). The relief section of plaintiff's complaint states:

> Since the $11,000 is a falsehood. It follows that the decision making process is
> flawed. Either they can make the Apex statement true. The other option would
> be to refigure my food stamps on 1100 SSN and me pay for Part B.

(Id., PAGEID#: 7).

Plaintiff's complaint should be dismissed for failure to state a plausible claim for relief

against the Hamilton County Department of Job and Family Services. First, the Hamilton

County Department of Job and Family Services is not *sui juris,* i.e., an entity capable of being

sued. Capacity to sue or be sued in the United States District Courts is governed by Fed. R. Civ.

P. 17. Rule 17(b) provides, in pertinent part: "In all other cases capacity to sue or be sued shall

be determined by the law of the state in which the district court is held. . . ." Fed. R. Civ. P.

17(b). Under Ohio law, the Hamilton County Department of Job and Family Services is not *sui juris*. *Lowe v. Hamilton Cty. Dep't of Job & Family Servs.*, No. 1:05CV117, 2008 WL 816669, at *2 (S.D. Ohio Mar. 26, 2008) (citing *McGuire v. Ameritech Servs., Inc.*, 253 F. Supp.2d 988, 1015 (S.D. Ohio 2003) (Rice, J.)).

Second, even if plaintiff named the proper defendant, the complaint is nevertheless subject to dismissal. Under Part B of the Medicare Act, an enrollee who is dissatisfied with an eligibility decision is entitled to several levels of administrative review and may be entitled to judicial review of the final decision of the Secretary of the Department of Health and Human Services. *See* 42 U.S.C. §§ 1395ff(b)(1), 1395w–22(g)(5). "Judicial review, however, is contingent upon a final decision, which incorporates two elements: (1) presentment of a claim to the Secretary and (2) exhaustion of administrative remedies." *Theede v. United States*, No. CIV S-11-1084, 2011 WL 2531238, at *3 (E.D. Cal. June 23, 2011) (citing *Heckler v. Ringer,* 466 U.S. 602, 615-17 (1984); *Matthews v. Eldridge*, 424 U.S. 319, 328-30 (1976); *Weinberger v. Salfi,* 422 U.S. 749, 763-64 (1975); *Kaiser v. Blue Cross of Calif.,* 347 F.3d 1107, 1115-16 (9th Cir. 2003); *Linoz v. Heckler,* 800 F.2d 871, 876 n. 5 (9th Cir. 1986)). Plaintiff's complaint does not allege that he exhausted his administrative remedies or presented a claim to the Secretary of the Department of Health and Human Services. Accordingly, the complaint against the defendant should be dismissed on the ground that it fails to state a claim upon which relief may be granted.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be **DISMISSED**.

4

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).


Date: 1/4/16

Karen L. Litkovitz, Magistrate Judge
United States District Court

5

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JAMES DONALD LINKOUS,                    Case No. 1:15-cv-809
     Plaintiff,

                                    Barrett, J.
     vs.                               Litkovitz, M.J.

HAMILTON COUNTY JOB
AND FAMILY SERVICES,
     Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

6